UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| DIRECTORS OF THE OHIO | : | |
| CONFERENCE OF PLASTERERS AND | : | Case No. 1:18-cv-2957 |
| CEMENT MASONS COMBINED FUNDS, | : | |
| INC., *et al.*, | : | OPINION & ORDER |
| | : | [Resolving Doc. 8] |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| 21ST CENTURY CONCRETE | : | |
| CONSTRUCTION INC., | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This case concerns unpaid employee benefits. Defendant 21st Century Concrete Construction Inc. ("21st Century") agreed to make certain benefit fund contributions for its employees.[1] Plaintiffs, the directors for those funds, claim 21st Century missed months of payments, prompting this case.[2]

Plaintiffs ask the Court to issue a preliminary injunction freezing 21st Century's assets to preserve them during litigation.[3] However, in a separate case, District Judge Boyko has placed 21st Century's assets into a receivership.[4] Plaintiffs' motion is thus moot.

Further, in that case, Judge Boyko enjoined 21st Century's creditors from pursuing legal actions against 21st Century.[5] Usually, Judge Boyko's injunction would not reach

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 8. Defendant has not responded.
[4] Order Appointing Receiver, *Local 310 Trustees*, 1:19-cv-764, No. 10 (N.D. Ohio May 17, 2019).
[5] *Id.*

Plaintiffs, who are not parties in that case.[6]  Receiverships are, however, different.  A

district court's authority over the receivership's assets allows it to bind even non-parties.[7]

The Court **DENIES** Plaintiffs' motion for injunctive relief and **STAYS** this case until

Judge Boyko lifts the May 17, 2019 injunction.

IT IS SO ORDERED.


Dated: June 17, 2019                               s/        *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE

---

[6] *E.g., Scott v. Donald*, 165 U.S. 107, 117 (1897); *Fellows v. Fellows*, 4 Johns Ch. 25, 25 (N.Y. Ch. 1819) ("[Y]ou cannot have an injunction, except against a party to the suit.  Upon a review of all the cases, I think the practice of granting an injunction against a creditor, who is not a party, is wrong.").
[7] *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551–52 (6th Cir. 2006).